BUCHALTER
A Professional Corporation
ERIC KENNEDY (SBN: 228393)
DANIELLE M. MAYER (SBN: 298995)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: ekennedy@buchalter.com

Attorneys for Defendant
TEDDER ACQUISITION, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ARDEN SILVERMAN dba CAPITAL ASSET PROTECTION,<br><br>Plaintiff,<br><br>vs.<br><br>TEDDER ACQUISITIONS LLC; and DOES 1 to 10,<br><br>Defendants. | Case No. 2:24-cv-06989-MRA-MAA<br><br>(Removed from Los Angeles County Superior Court, Case No. 24VECV01237)<br><br>Assigned to Hon. Judge Mónica Ramírez Almadani<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TEDDER ACQUISITION, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [DKT. 1]**<br><br>Date: October 10, 2024<br>Time: 1:30 p.m.<br>Judge: Judge Mónica Ramírez Almadani<br>Dept.: 10B<br><br>Complaint Filed: March 20, 2024<br>Date of Removal: August 16, 2024_ |

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION ..... 5

II. SUMMARY OF THE FACTS ALLEGED IN PLAINTIFF'S FIRST AMENDED COMPLAINT ..... 6

III. RELEVANT PROCEDURAL HISTORY ..... 7

IV. MOTION TO DISMISS STANDARD ..... 8

V. ARGUMENT ..... 10

- A. Plaintiff's First Cause of Action for Breach of Contract Fails to State a Claim Against Tedder ..... 10
- B. Plaintiff's Second Cause of Action for Multiple Common Counts Fails to State a Claim Against Tedder ..... 11
  1. The Second Cause of Action improperly alleges three different common counts – (1) open book account, (2) account stated, and (3) services rendered. ..... 12
  2. Plaintiff's FAC fails to state a claim for an open book account. ..... 12
  3. Plaintiff's FAC fails to state a common count claim for account stated. ..... 14
  4. Plaintiff's FAC fails to state a common count claim for services rendered. ..... 15

VI. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**PAGE(S)**

**Federal Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................*passim*

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 9, 13

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011)....................8

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992)....................10

**State Cases**

*Armstrong Petrol Corp. v. Tri Valley Oil Gas Co.*,
116 Cal. App.4th 1375 (2004)....................10, 13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990)....................10

*Cochran v. Rubens*,
42 Cal.App.4th 481 (1996)....................13

*Farmers Ins. Exch. v. Zerin*,
53 Cal.App.4th 445 (1997)....................11

*Gleason v. Klamer*,
103 Cal.App.3d 782 (1980)....................14

*H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.*,
99 Cal.App.3d 711 (1979)....................13

*Leighton v. Forster*,
8 Cal.App.5th 467 (2017)....................14

*Maggio, Inc. v. Neal*,
196 Cal.App.3d 745 (1987)....................13

*McBride v. Boughton*,
123 Cal.App.4th 379 (2004)....................11

*Ochs v. PacifiCare of California*,
115 Cal.App.4th 782 (2004)....................15

*Recihert v. General Ins. Co.*,
68 Cal. 2d 822 (1968)....................10

*Reigelsperger v. Siller*,
40 Cal.4th 574 (2007)....................13

*Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*,
175 Cal.App.4th 64 (2009)....................15

*Tsemetzin v. Coast Fed. Sav. & Loan Ass'n*,
57 Cal.App.4th 1334 (1997)....................13

*Warda v. Schmidt*,
146 Cal.App.2d 234 (1956)....................13

*Zinn v. Fred R. Bright Co.*,
271 Cal.App.2d 597 (1969)....................14

**Statutes**

Cal. Code Civ. Pro. § 337a....................12

**Rules**

Fed. R. Civ. P. Rule 8....................9

Fed. R. Civ. P. Rule 12....................6, 8, 16

USDC Local Rule 7-3....................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite having multiple opportunities to amend, Plaintiff Arden Silverman dba Capital Asset Protection ("Plaintiff")[1] stands by its California Judicial Council Form Contract Complaint, which fails to satisfy federal pleading standards as described in the seminal cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff, acting *pro se*, originally filed his form complaint in March 2024 in Los Angeles Superior Court. Counsel for Tedder Acquisitions, LLC ("Tedder") conducted a meet and confer with Plaintiff. During the meet and confer, Tedder's counsel raised the issue of Plaintiff's failure to attach the operative agreement to the Complaint along with a number of other defects including Plaintiff's failure to allege facts that would satisfy the notice pleading requirement in California.

In response to the meet and confer, Plaintiff hired legal counsel and Plaintiff's legal counsel filed a First Amended Complaint ("FAC"). The FAC attached the agreement at issue and the subsequent addendum but did little more to correct the pleading deficiencies from the original Complaint. The four-page FAC identified the parties and threadbare recitals of the elements of the causes of action. It failed to contain well-pleaded facts. There is no further information about the nature of the underlying agreement or addendum, the parties' dispute, or the facts supporting the elements of the alleged causes of action.

Thereafter, aware of the agreement at issue and the parties thereto, Tedder's counsel timely removed the FAC under the Court's diversity jurisdiction. After the removal, Tedder's counsel again raised the deficiencies in the FAC asking Plaintiff's counsel if Plaintiff intended to amend the FAC now that the case was in federal court.

[1] Mr. Silverman used to be a lawyer. He resigned from the California Bar with charges pending in April 2001 and is no longer licensed to practice law, which appears to be why he sues in pro per under a DBA: https://apps.calbar.ca.gov/attorney/Licensee/Detail/106311 (last accessed September 6, 2024).

Plaintiff's counsel stated that Plaintiff would not amend. Plaintiff and Tedder then met and conferred, as required by Local Rule 7-3, as to Tedder's intention to file a motion to dismiss under Federal Rules of Civil Procedure, rule 12(b)(6) for failure to state a claim. Again, Plaintiff did not seek to amend its FAC.

Plaintiff's FAC is insufficient. Plaintiff's FAC is threadbare. Plaintiff's FAC is based on conclusory statements. Plaintiff's FAC is nothing more than a few sentences and three exhibits, one undated.

Accordingly, both claims for relief in Plaintiff's FAC are subject to dismissal under Rule 12(b)(6) as Plaintiff has failed to allege facts sufficient to support cognizable legal theories. As such, Tedder is not on fair notice of the legal and factual basis for the FAC, which should be dismissed in its entirety.

## II. SUMMARY OF THE FACTS ALLEGED IN PLAINTIFF'S FIRST AMENDED COMPLAINT

On April 5, 2023, Goldman Sachs Capital LLC[2] on the one hand, and Tedder on the other hand, entered into an agreement to provide "legal services … by [Goldman Sachs Capital] to [Tedder] for Employee Retention Credit service." Dkt. 1, Ex. A, p. 1. According to the Agreement, the

> Client believes that he/she qualifies for the COVID-19 Employee Retention Credit (the "Credit") made available under the Coronavirus Aid, Relief, and Economic Security Act and modified by the Taxpayer Certainty and Disaster Tax Relief Act of 2020, the American Rescue Plan Act of 2021, and the Infrastructure Investment and Jobs Act (collectively the "Act"); Client desires to hire FIRM to assist Client in calculating and claiming the Credit; and FIRM will rely upon the information provided by the Client in providing the Services outlined herein.

Dkt. 1, Ex. A, p. 1. The Agreement promised a number of services. Per the Agreement, Goldman Sachs Capital promised as follows:

[2] There does not appear to be any legitimate connection between Goldman Sachs Capital and the well-known, global financial firm known as Goldman Sachs.

> i. FIRM will assist Client in determining whether Client is an Eligible Employer, as defined in the Act, for purposes of the Credit;
>
> ii. FIRM will review Client's financial statements provided to FIRM by Client, including Form 941s filed by Client for 2020 and 2021 and detailed payroll reports for 2020 and 2021;
>
> iii. Using the information provided by Client, FIRM will analyze and compare Client's gross receipts during the calendar quarters of 2020 and 2021 to the corresponding calendar quarter of 2019 to determine whether Client is eligible to claim the Credit based on a reduction in revenue, as further described in the Act;
>
> iv. Analyze Client's business impacts to determine whether Client is eligible for the Credit based on operations being fully or partially suspended due to government orders, as further described in the Act; and
>
> v. FIRM may utilize the affiliated certified public accountant(s) (the "CPA") to file the appropriate Form(s) 941-X for purposes of claiming the Credit.

Dkt. 1, Ex. A, p. 1. On July 26, 2023, Goldman Sachs Capital on the one hand, and Tedder on the other hand, entered into an addendum to the Agreement ("Addendum"). Dkt. 1, Ex. A.

Plaintiff alleges that Goldman Sachs Capital was successful in obtaining ERC credits for Tedder in the amount of $4,503,209.03 and thereafter issued an invoice for a 25% commission. Dkt. 1. Plaintiff alleges that Tedder failed to pay the full amount of the invoice. *Id.*

Plaintiff alleges that at some point in time, through an undated document titled "Assignment," Goldman Sachs Capital assigned its right title and interest to all claims against Tedder to Plaintiff. Dkt. 1, Ex. C.

## III. RELEVANT PROCEDURAL HISTORY

On March 20, 2024, Plaintiff, as assignee, commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Arden Silverman dba Capital Asset Protection v. Tedder Acquisition, LLC, et al.*, Case No. 24VECV01237 (the "State Court Action"). *See* Dkt. 1. Plaintiff

served the Complaint via substitute service on April 3, 2024. *See Id*. Plaintiff used the California Judicial Counsel breach of contract complaint form (PLD-C-001). *Id*.

In its Complaint, Plaintiff sought damages in the amount of $1,127,365.96 plus costs and statutory interest. Plaintiff did not attached the agreement at issue, but did attach the undated assignment between Goldman Sachs Capital and Plaintiff. *See* Dkt. 1.

On July 18, 2024, Plaintiff filed a First Amended Complaint, again using the California Judicial Counsel breach of contract complaint form (PLD-C-001). Dkt. 1. Also, on July 18, 2024, Plaintiff dismissed Tedder Industries LLC. *See Id.* Plaintiff's FAC includes (1) causes of action for breach of contract and common counts; (2) a short statement as to the alleged breach; (3) a short statement of damages in the amount of $1,127,365.96 plus interest and costs. *Id.* The FAC attaches (1) the contract at issue between Goldman Sachs Capital and Tedder Acquisition LLC, (2) an invoice, and (3) the undated executed assignment between Goldman Sachs Capital and Capital Asset Protection along with the contract at issue. *Id.* The FAC does not allege any other facts. *E.g.* Dkt. 1, Ex. A-C.

## IV. <u>MOTION TO DISMISS STANDARD</u>

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

///

///

///

Under Federal Rules of Civil Procedure, rule 8, plaintiffs are required to give "a short and plain statement of the claim showing that the pleader is entitled to relief…" to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly, supra*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal quotations omitted). In construing the *Twombly* standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* at 679. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Further, courts need not accept as true legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 545.) "[O]nly a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss." *Iqbal* at 679. When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991)).

## V. ARGUMENT

### A. Plaintiff's First Cause of Action for Breach of Contract Fails to State a Claim Against Tedder

Under California law, to state a claim for breach of contract, plaintiff must allege facts showing: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Recihert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968); *Armstrong Petrol Corp. v. Tri Valley Oil Gas Co.*, 116 Cal. App.4th 1375, 1391 n. 6 (2004).

Where a plaintiff must satisfy certain conditions precedent before a defendant is obligated to perform under the contract, the plaintiff must "adequately allege the due satisfaction of" those conditions. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

Here, the parties' agreement imposed several conditions on Goldman Sachs Capital's commission, including that Goldman Sachs Capital was required to perform its services in a "professional and workmanlike manner." The Agreement further required Goldman Sachs Capital to "'[a]nalyze Client's business impacts to determine whether Client is eligible for the [Employee Retention Credit] based on

operations being fully or partial suspended due to government orders …" among other obligations as laid out by the Agreement. Dkt. 1, Ex. A. Plaintiff's FAC fails to allege that Goldman Sachs Capital performed all of the obligations under the Agreement, saying only that it was "successful in obtaining benefits from the Internal Revenue Service."

Such threadbare recitals are insufficient to survive a motion to dismiss. As a result of this pleading failure, Plaintiff fails to state a claim, and therefore, the Court should dismiss the first cause of action for breach of contract alleged in the FAC.

### B. Plaintiff's Second Cause of Action for Multiple Common Counts Fails to State a Claim Against Tedder

Plaintiff's second cause of action for common counts fails to state a cause of action. Specifically, Plaintiff's second cause of action alleges three different common counts – (1) open book account, (2) account stated, and (3) services rendered.

Common counts are used to allege "the existence of various forms of monetary indebtedness …." *See* Rutter Group, California Civil Procedure – Before Trial § 6:126(b) (2007 ed). A common count is "not a specific cause of action"; "rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is [subject to dismissal] if the cause of action is [subject to dismissal]." *Id*. Under California law, the essential allegations of a common count are: the statement of indebtedness in a certain sum, the consideration for the debt, and nonpayment. *Farmers Ins. Exch. v. Zerin*, 53 Cal.App.4th 445, 460 (1997).

///

///

///

1. <u>The Second Cause of Action improperly alleges three different common counts – (1) open book account, (2) account stated, and (3) services rendered.</u>

Here, all three common counts are alleged in the same cause of action, even though each has different elements and requires different factually allegations. Each cause of action must be alleged separately with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal* at 678. This is impossible with all three common counts alleged in the same cause of action and without anything more than checking boxes and attaching what is purportedly an invoice.

Accordingly, the entire second cause of action should be dismissed under 12(b)(6) for failure to state a claim.

2. <u>Plaintiff's FAC fails to state a claim for an open book account.</u>

In addition to the improperly grouping of the separate and distinct common counts in the second cause of action, the common count for open book account fails to state a cause of action. "Book account" is one of the "common count" causes of action under California law. *See* Rutter Group, California Civil Procedure – Before Trial § 6:126(b) (2007 ed). A "book account" is defined by statute as:

> a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Code Civ. Pro. § 337a. This section creates a "three-part statutory test" for the existence of a book account: (1) the existence of "the principal record of one or more transactions" between the plaintiff/creditor and defendant/debtor; (2) entries in the

record that were made in the plaintiff/creditor's regular course of business; and (3) the record was kept in a reasonably permanent form and manner. *Tsemetzin v. Coast Fed. Sav. & Loan Ass'n*, 57 Cal.App.4th 1334, 1343 (1997); *see also Reigelsperger v. Siller*, 40 Cal.4th 574, 579 n.5 (2007). However, the "mere incidental keeping of accounts does not alone create a book account." *Maggio, Inc. v. Neal*, 196 Cal.App.3d 745, 752 (1987); *H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.*, 99 Cal.App.3d 711, 728 (1979); *see Warda v. Schmidt*, 146 Cal.App.2d 234, 237 (1956).

"A book account is created by the agreement or conduct of the parties in a commercial transaction." *H. Russell Taylor*, 99 Cal.App.3d at 728; *Warda*, 146 Cal.App.2d at 237; *see also Maggio*, 196 Cal.App.3d at 752. Further, "moneys due under an express contract cannot be recovered in an action on an "open book account" in the absence of a contrary agreement between the parties." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1396 n.9 (2004); *Tsemetzin*, 57 Cal.App.4th at 1343; *see Warda*, 146 Cal.App.2d at 237. Whether a book account exists between parties is a question of fact. *Cochran v. Rubens*, 42 Cal.App.4th 481, 485 (1996).

Here, the FAC fails to allege any facts supporting the existence of an open book account. Plaintiff's FAC fails to allege (1) that Goldman Sachs Capital and Tedder had financial transactions with each other beyond the agreement; and (2) that Goldman Sachs Capital kept the written account of the debts and credits involved in the transaction in the regular course of business. In fact, Plaintiff alleges no facts, only checks a few boxes, and merely attaches a purported invoice to the FAC with various entries without any explanation. *See* Dkt. 1, Ex. B. Plaintiff's failure to allege any factual matter to support an open book account cannot satisfy the federal pleading standard as articulated in *Twombly* and *Iqbal*.

///

///

3. Plaintiff's FAC fails to state a common count claim for account stated.

"'An account stated is an agreement, based on prior transactions between the parties, that the items of an account are true and that the balance struck is due and owing. [Citation.] To be an account stated, "it must appear that at the time of the statement an indebtedness from one party to the other existed, that a balance was then struck and agreed to be the correct sum owing from the debt or to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing." [Citation.]' " *Leighton v. Forster*, 8 Cal.App.5th 467, 491 (2017).

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co*., 271 Cal.App.2d 597, 600 (1969), internal citations omitted. Specifically, "[a]n account stated is an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another. When the account is assented to, ' "it becomes a new contract. An action on it is not founded upon the original items, but upon the balance agreed to by the parties …." Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement.' " *Gleason v. Klamer*, 103 Cal.App.3d 782 (1980), internal citations omitted.

Here, Plaintiff fails to allege any facts concerning previous transactions between Goldman Sachs Capital and Tedder establishing a relationship debtor and creditor. Nor has Plaintiff alleged that Goldman Sachs Capital and Tedder agreed that the amount alleged by Plaintiff in the FAC was the correct amount or that it was a new amount agreed to by Goldman Sachs Capital and Tedder. Plaintiff has not

alleged anything suggesting an account stated, even when viewed in the light most favorable to Plaintiff.

4. Plaintiff's FAC fails to state a common count claim for services rendered.

The common count for services rendered also fails to state a cause of action. Like an action for quantum meruit, no contract is necessary to support an action for goods and services rendered other than the contract implied at law when a party receives money from another but has no right to retain it. *See Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal.App.4th 64, 79 (2009).

"To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004), internal citation omitted.

To plead goods and services rendered, plaintiff must allege that: (1) Defendant requested, by words or conduct, that plaintiff perform services or deliver goods for the benefit of Defendant; (2) Plaintiff performed the services or delivered the goods as requested; (3) Defendant has not paid plaintiff for the services or goods; and (4) the reasonable value of the goods and services that were provided. CACI No. 371.

Here, Plaintiff's FAC fails to allege any facts that Goldman Sachs Capital performed the services as requested. Plaintiff merely attaches an invoice to the FAC with various entries without any explanation. *See* Dkt. 1, Ex. B. The second cause of action fails to contain the requisite factual allegations to support each of the operative legal conclusions alleged in the pleading and therefore fails to allege a cause of action for services rendered.

As a result of this pleading failure, Plaintiff fails to state a claim for any common counts, and therefore, the Court should dismiss the second cause of action for common counts alleged in the FAC.

## VI. CONCLUSION

Because Plaintiff failed to plead facts sufficient to satisfy the requirements of Rule 12(b)(6) and California law, Tedder respectfully requests that the Court grant this Motion and dismiss Plaintiff's FAC in its entirety, without leave to amend.

DATED: September 6, 2024

BUCHALTER
A Professional Corporation

By: */s/ Danielle M. Mayer*
ERIC M. KENNEDY
DANIELLE M. MAYER

Attorneys for Defendant
TEDDER ACQUISITION, LLC