Law Office of John M. Kalajian
John M. Kalajian, Attorney #66366
Post Office Box 1690
Simi Valley, CA 93062-1690
johnkalajian@gmail.com
Telephone 805 526 8499

Attorney for plaintiff Arden Silverman dba Capital Asset Protection

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ARDEN SILVERMAN dba Capital Asset Protection,<br><br>Plaintiff,<br><br>vs<br><br>TEDDER ACQUISITION, LLC<br><br>Defendant | Case No. 2:24-cv-06989-MRA-MAA<br>(Removed from Los Angeles County Superior Court, Case No. 24VECV01237)<br><br>Assigned to Hon. Judge Monica Ramirez Almadani<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Dated October 10, 2024<br>Time: 1: 30 p.m.<br>Dept. 10B<br>Complaint Filed March 20, 2024<br>Date of Removal: August 16, 2024 |

1. **Background:**

Goldman Sachs Capital, LLC is a company that prepares amended tax returns for businesses that seek to take advantage of benefits created by a Covid Recovery Act passed by Congress. Defendant Tedder Acquisition LLC (hereafter TEDDER) retained Goldman Sachs Capital to review its prior tax returns and submit a claim for any Covid relief benefits to the IRS. The retention was pursuant to a written agreement. Per that written agreement, TEDDER

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PAGE 1

promised to pay Goldman Sachs Capital a contingent fee equal to 25% of the refunds that Goldman Sachs recovered from the IRS. TEDDER paid Goldman Sachs Capital no "up front" money for these services. The agreement provided that TEDDER would issue payment to Goldman Sachs Capital within fourteen (14) days of TEDDER receiving a refund from the IRS.

Goldman Sachs Capital paid for the necessary accounting professionals to review TEDDER's past tax returns. Goldman Sachs Capital prepared the necessary paperwork and filed the required amended tax returns seeking the Covid benefits authorized by the Act. As a result, the IRS approved TEDDER's application for Covid related benefits for $4,779.862.64. There were five separate refund checks issued by the IRS which were sent directly to TEDDER. From the first check, TEDDER paid Goldman Sachs Capital the agreed 25% fee of $67,599.70. TEDDER received four additional refund checks but TEDDER failed to pay Goldman Sachs Capital the 25% fee of $1,127,365.96 for other four refund checks that TEDDER received. Goldman Sachs Capital, LLC assigned its claim against TEDDER to a collection agency, Arden Silverman dba Capital Asset Protection. Arden Silverman filed suit in state court against TEDDER asserting that TEDDER failed to pay the 25% fee earned by Goldman Sachs Capital pursuant to the retention agreement signed by TEDDER. TEDDER removed the case to USDC asserting diversity jurisdiction.

2. **Overview of Motion to Dismiss**

Moving party complains that plaintiff's first amended complaint [FAC] is "threadbare", "fails to contain well pleaded facts", is "insufficient" and contains "conclusionary statements". Moving party asserts that "[Moving party] is not on fair notice of the legal and factual basis for the FAC, which should be dismissed in its entirety". Moving party's contentions are without merit. The claim that moving party is not on fair notice of the basis for plaintiff's claims is

disingenuous given that TEDDER acknowledges in the moving papers that it signed the subject agreements.

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "….

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). …. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)."

Plaintiff's state court FAC was prepared and filed using the approved California Judicial Council's Form Complaint (Contract) (PLD-C-001 revised January 1, 2024). This form complaint included the Judicial Council approved separate causes of action for breach of contract (form PLD-C-001-1) and common counts (PLD-C-001-2).

The case of <u>People ex rel. Dept. of Transportation v. Superior Court</u> (Verdeja) (1992) 5 Cal.App.4th 1480 is instructive on the use of the Judicial Council pleadings, saying, "The

Judicial Council pleading forms have simplified the art of pleading, and have made the task of drafting much easier. ... Thus, in order to be demurrer-proof, a form "complaint must contain whatever ultimate facts are essential to state a cause of action under existing statutes or case law." ....[and] "In some cases, merely checking a box on a Judicial Council form complaint will be sufficient."

The FAC alleges all of the necessary facts to support a claim for breach of contract and common counts in California state courts. Further specific details not included in the form complaint are not required to state a cause of action.

Under Rule 8(a) Fed. R. Civ. P. [General Rules of Pleadings], the plaintiff's complaint that seeks a claim for relief must include:

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The FAC satisfies the requirements of Rule 8(a)(1). The FAC need not include a statement for the federal court's jurisdiction because the FAC was filed in state court, there was no diversity jurisdiction that needed to be asserted and subsequently TEDDER removed the matter from the state court to the Federal court where TEDDER has asserted Federal diversity jurisdiction. Plaintiff does not dispute that this court has diversity jurisdiction of the cause.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PAGE 4

The FAC satisfied the requirements of Rule 8(a)(2) because the judicial council Form Complaint includes all of the necessary elements of a breach of contract and common counts claims in a "short and plain statement";

Plaintiff's FAC satisfied the requirements of Rule 8(a)(3) because page two of the FAC contains a prayer for relief, "Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for … damages of $ 1,127,365.96".

### 3. The FAC's First Cause of Action for Breach of Contract Asserts All Necessary Elements to Support a Claim for Breach of Contract

The elements of a breach of contract claim have been well established for at least 160 years in California. See Magee (1858) 9 Cal. 81, 83) which states that a breach of contract in California requires proving the following elements (1) the existence of the contract; (2) plaintiff's performance of the contract or excuse for non-performance; (3) defendant's breach of the contract; and (4) the resulting damage to the plaintiff."

The FAC alleges each of the necessary elements of a breach of contract claim. The allegations are stated in short and simple fashion. The allegations are not "threadbare" nor "conclusionary" as alleged by moving party and they provide moving party with a reasonable notice of the basis for plaintiff's claims.

The FAC at paragraph BC-1 alleges that a contract existed. The parties to the contract are identified as "plaintiff's assignor and Tedder Acquisition, LLC". Plaintiff's assignor is identified at paragraph 9 of the FAC where plaintiff asserts, "Plaintiff is the assignee of Goldman Sachs Capital the [sic] claims against TEDDER ACQUISITION, LLC based upon an Agreement dated April 5, 2023 attached as Ex. A". The date of the contract is set forth as April 5, 2023 at

BC-1. Two documents constitute the contract in this action. Both of them are signed. Both of them provided that TEDDER will pay plaintiff's assignor 25% of the IRS refund. A copy of the contract and the Addendum are attached to the FAC at pages 6 through 11 which provides the verbatim terms and conditions of the agreements. These are not threadbare allegations but specific factual assertions which identifies the parties to the agreement, the date of the agreement and the terms of the agreement supported by attached signed copies of both of the agreements. The existence of the contract is adequately alleged, the identity of the contracts are set forth, copies are attached. These allegations provides TEDDER with fair notice of the legal and factual basis to assert the existence of the specific contract at issue, the parties, the date and the terms.

      The FAC at paragraph BC-2 alleges TEDDER's breach of the agreement. The alleged breach of the agreement isn't alleged in threadbare terms but specifically asserts that TEDDER breached the agreement when it " failed to pay plaintiff's assignor the 25% contingent fee per the terms of Exhibit A. Plaintiff's assignor was successful in obtaining benefits from the Internal Revenue Service totaling $4,503,209.23. Plaintiff's assignor should have received not less than $1,127,365.96 per the agreement". The breach of the contract is adequately set forth, and the FAC provides the specific date and reason for the alleged breach, the amount of the damages and the basis of how the damages were calculated. This was not a threadbare allegation and the FAC provided TEDDER with fair notice of the legal and factual basis related to the alleged breach of the agreement and the date of that breach.

      The FAC at paragraph BC-3 alleges in short and plain language that "Plaintiff has performed all obligations to defendant". Nothing further is required at the pleading stage and moving party has provided no authority to demand further details be presented at this stage of the

case. The judicial council form complaint does not seek any further information for paragraph BC-3.

The FAC at paragraph BC-4 alleges damages incurred and the basis for the calculation of those damages. These are not threadbare or conclusory allegations. The FAC asserts that "Defendant only paid plaintiff's assignor a total of $67,599.70 for plaintiff's assignor's services, leaving an unpaid balance due to plaintiff's assignor of $1,1271365.96, plus costs of suit and statutory daily interest of $308.87 per day for 362 days or $111,810.94 through July 15, 2024".

On a motion to dismiss, the court must accept all well plead allegations of the complaint as true. Plaintiff has provided far more information in the FAC than just legal conclusions. All of the necessary elements of a breach of contract claim are set forth with sufficient particularity to provide reasonable notice to TEDDER of the basis for plaintiff's breach of contract claim. The motion to dismiss isn't the time to test the veracity of the pleadings.

### 4. The FAC's Second Cause of Action for Common Counts Asserts All Necessary Elements to Support a Claims for Common Counts

During the meet and confer process pursuant to Rule 7.3, plaintiff's attorney and defendant's attorney conferred by telephone and discussed the Second Cause of Action Common Counts. During the meet and confer, plaintiff's counsel acknowledged that paragraph CC-1(a)(1) had been inadvertently checked off asserting an open book account claim. Plaintiff's counsel did not intend to assert an open book account claim and told moving party's attorney that plaintiff would stipulate that the box at CC-1(a)(1) had been checked inadvertently. Plaintiff herewith offers to strike by interlineation the box checked at CC-1(1)(a) and does not assert any open book account claim under the circumstances of this case.

As to the "account stated" common count, plaintiff contends that the account stated claim is adequately pleaded. All the necessary elements to support this cause of action are included on the Judicial Council Form Complaint for Common Counts. Plaintiff asserts that defendant was sent an invoice dated July 19, 2023 which shows a debt of a sum certain ($1,127,365.96). The invoice outlined five different categories of charges, one for each quarter of tax returns with the anticipated or actual amount of the IRS refunds including the first entry on the invoice \which reflects that defendant had already issued payment for the first installment in full. The FAC's second cause of action asserts an account was stated, attached a copy of the invoice, and asserts that a demand for payment was made and non payment at CC-2 where plaintiff alleges, " $1,127,365.96 , which is the reasonable value, is due and unpaid despite plaintiffs demand". The attached invoice related to the first payment on the first IRS refund, and the amount due for the balance of the four remaining IRS refunds.

Plaintiff asserts that the invoice referred to in paragraph CC-1(b)(6) attached as Exhibit B to the FAC constituted an account stated. That invoice was sent subsequent to TEDDER paying plaintiff's assignor its 25% fee from the proceeds from the first payment received from the IRS. The invoice reflected a partial payment was " PAID $67,599.70". The invoice reflects that an amount certain, $1,127,365.906.96 was stated to be the balance due for the other four IRS refunds which were calculated at 25% of the amount of the four other refund checks. The invoice was never disputed within a reasonable time by the TEDDER. Whether this invoice constituted an account stated, whether TEDDER ever disputed this invoice within a reasonable time are questions of fact and cannot be determined on a motion to dismiss.

As to the quantum meruit claim, for Common Count-Reasonable Value of Services: "To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PAGE 8

must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." (Ochs v. PacifiCare of California (2004) 115 Cal.App.4th 782, 794.

The quantum meruit claim can be found at paragraph CC-1(b), which alleges defendant became indebted to plaintiff's assignor, "within the last two years …(2) for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff the sum of $ 1,121,365. 96 or the reasonable value."

No further detail is requested by way of the approved Judicial Council Form Cause of Action. No further detail is required. Any additional information that TEDDER needs to assess the claims against it can be gleaned from discovery.

**Argument**

Plaintiff submits that the FAC utilizing the approved Judicial Council forms asserts the necessary elements to support valid causes of action for breach of contract and common counts. Plaintiff submits that the FAC states a claim to relief that is plausible on its face. Plaintiff's FAC complaint contains a cognizable legal theory (TEDDER breached an agreement), sufficient facts (allegations of parties to the agreement, the date of the agreement, and copies of the agreements) to support a cognizable legal theory of recovery. Plaintiff's FAC alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. Upon a motion to dismiss, the court must accept all factual allegations in the complaint as true and must view the pleadings in the light most favorable to the nonmoving party. Further details and other allegations not included within the judicial council form complaint's causes of action are not required to state a cause of action.

TEDDER has been adequately apprised of the nature of plaintiff's claim and the factual allegations in support. If the court feels otherwise, plaintiff requests leave to amend.

Otherwise, plaintiff respectfully submits that the motion to dismiss should be denied.

Dated: September 12, 2024     Respectfully Submitted

JOHN M. KALAJIAN
Attorney for plaintiff

# CERTIFICATE OF SERVICE

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is Post Office Box 1690, Simi Valley, CA 93062-1690

On the date set forth below, I served the foregoing document described as:

1. **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on the following parties by ☐ faxing; and/or ☒ emailing; and/or ☒ placing a true copy thereof in a sealed envelope as follows:

| Danielle M. Mayer (SBN 298995)<br>Buchalter, APC<br>18400 Von Karman Avenue, Suite 800<br>Irvine, CA 92312-0514<br>dmayer@buchalter.com<br>Attorney for defendant Tedder Acquisitions LLC | |

LAW OFFICE OF JOHN M. KALAJIAN
John M. Kalajian, Attorney Bar #66366
Post Office Box 1690
Simi Valley CA  93062-1690
Telephone: 805 526-8499
Email: johnkalajian@gmail.com

Attorney for plaintiff Arden Silverman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ARDEN SILVERMAN DBA CAPITAL ASSET PROTECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>TEDDER ACQUISITIONS, LLC;<br><br>Defendant. | Case # 2:24-cv-06989 MRA (MAAx)<br><br>**CERTIFICATE OF SERVICE**<br><br>Case Removed:  August 20, 2024<br>Trial Date:  None Set. |
|---|---|

☑ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Simi Valley, CA on September 12, 2024. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☐ **OVERNIGHT DELIVERY** On , I placed the Federal Express/Overnite Express package for overnight delivery in a box or location regularly maintained by Federal Express/Overnite Express at my office, or I delivered the package to an authorized courier or driver authorized by Federal Express/Overnite Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express/Overnite Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

☐ **BY PERSONAL DELIVERY** On , I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☑ **BY EMAIL** On September 17, 2024, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑ I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on September 9, 2024, at Simi Valley, California.

JOHN M. KALAJIAN     /s/ *John M. Kalajian*
                     (Signature)