UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-CV-06989-MRA (MAA) | Date | January 22, 2025 |
| Title | Arden Silverman dba Capital Asset Protection v. Tedder Acquisition, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF 12]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. ECF 12. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND[1]

Plaintiff Arden Silverman d/b/a Capital Asset Protection ("Plaintiff" or "Silverman") filed this action against Tedder Acquisition LLC, Tedder Industries, LLC, and Does 1 to 50 in Los Angeles County Superior Court on March 20, 2024. ECF 1-1 at 1. On July 18, 2024, Plaintiff filed a First Amended Complaint ("FAC") using a California Judicial Council form, in which Plaintiff dismissed Tedder Industries, LLC and excluded Does 11-50. ECF 1-1 at 17. On August 16, 2024, remaining Defendant Tedder Acquisition LLC ("Defendant" or "Tedder") removed this matter to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1446(b)(2)(3), 1332(a)(1).

Plaintiff is the collection agency assigned by Goldman Sachs Capital, LLC ("Goldman Sachs") to collect on Goldman Sachs' claim against Tedder. ECF 17 at 2. On or about April 5, 2023, Goldman Sachs and Tedder entered into an agreement by which Goldman Sachs agreed to

[1] When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See infra* II. As such, the factual background is described as alleged in Plaintiff's First Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

provide legal services to Tedder to assist the company with securing an available "Employee Retention Credit." ECF 1-1 at 10. Specifically, the agreement provided that:

> Client [here, Defendant Tedder Acquisition] believes that he/she qualifies for the COVID-19 Employee Retention Credit (the "Credit") made available under the Coronavirus Aid, Relief, and Economic Security Act and modified by the Taxpayer Certainty and Disaster Tax Relief Act of 2020, the American Rescue Plan Act of 2021, and the Infrastructure Investment and Jobs Act (collectively the "Act"); Client desires to hire FIRM [here, Plaintiff's assignor] to assist Client in calculating and claiming the Credit; and FIRM will rely upon the information provided by the Client in providing the Services outlined herein.

ECF 1-1 at 19; *id*. at 22 (attaching the underlying contract as Exhibit A to the FAC).

The scope of services to be provided by Goldman Sachs was defined as follows:

> (i) FIRM will assist Client in determining whether Client is an Eligible Employer, as defined in the ACT, for purposes of the Credit; (ii) Firm will review Client's financial statements provided to FIRM by Client, including Form 941s filed by Client for 2020 and 2021 and detailed payroll reports for 2020 and 2021; (iii) Using the information provided by Client, Firm will analyze and compare Client's gross receipts during the calendar quarters of 2020 and 2021 to the corresponding calendar quarter of 2019 to determine whether Client is eligible to claim the Credit based on a reduction in revenue, as further described in the Act; (iv) Analyze Client's business impacts to determine whether Client is eligible for the Credit based on operations being fully or partially suspended due to government orders, as further described in the Act; and (v) Firm may utilize the affiliated certified public accountant(s) (the "CPA") to file the appropriate Form(s) 941-X for purposes of claiming the Credit.

*Id.*

Plaintiff's form FAC alleges that on July 19, 2023, Tedder breached the agreement by failing to pay Goldman Sachs a 25% contingent fee that it was entitled to under the agreement's terms, even though Goldman Sachs was "successful in obtaining benefits from the Internal Revenue Service totaling $4,503,209.23." ECF 1-1 at 19. The FAC states that "Plaintiff's assignor should have received not less than $1,127,365.96." *Id.* Tedder paid only "a total of $67,599.70 for [the rendered] services, leaving an unpaid balance due to plaintiff's assignor of $1,127,365.96, plus costs of suit and statutory daily interest of $308.87 per day for 362 days or

$111,810.95 through July 15, 2024."[2] *Id.*

On these factual allegations, Plaintiff alleges a breach of contract claim and a common counts claim. *Id.* at 18. The latter claim includes three common counts for (1) an open book account or money due, (2) an account stated, and (3) for services rendered. *Id.* at 20.

On September 6, 2024, Defendant filed the instant Motion to Dismiss Plaintiff's FAC for failure to state a claim. ECF 12. Plaintiff opposes. ECF 17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." When deciding a motion to dismiss under Rule 12(b)(6) "all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although the court "must accept as true all of the allegations contained in a complaint," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts

[2] This describes the total amount owed as alleged by Plaintiff in the FAC. However, the FAC does not clearly describe the calculations or basis for this amount. A review of the invoice attached to the FAC, ECF 1-1 at 29, and Plaintiff's Opposition to the Motion to Dismiss, ECF 17, reveal that Goldman Sachs allegedly secured a total of $4,799,862.64 in benefits for Defendant, which were distributed to Defendant through five checks. Defendant paid Goldman Sachs $67,599.70 (25% of the first check Defendant received from the IRS); however, Defendant did not pay Goldman Sachs 25% of the four remaining checks it received, which together totaled $4,509,463.85. ECF 1-1 at 29. Therefore, Defendant owed Goldman Sachs an additional $1,127,365.96 for its services. *Id.*

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. <u>DISCUSSION</u>

### A. Breach of Contract Claim

Defendant argues that the FAC fails to state a breach of contract claim because it does not sufficiently allege one of the claim's essential elements—performance of the contract or excuse for nonperformance. ECF 12-1 at 10-11.

In California, a breach of contract claim requires showing "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." *Langan v. United Servs. Auto Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989)). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Id.* Moreover, "[w]here contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1389 (1990).

The FAC states that Plaintiff is "the assignee of Goldman Sachs Capital, LLC for the claims against Tedder Acquisition, LLC based upon an Agreement dated April 5, 2023." ECF 1-1 at 18. Attached to the form complaint are a copy of the agreement between Goldman Sachs and Tedder, and a copy of the assignment agreement between Goldman Sachs and Silverman. *Id.* The FAC only alleges, however, that Tedder failed to pay Goldman Sachs the contract's 25% contingent fee, despite Goldman Sachs being "successful in obtaining benefits from the Internal Revenue Service totaling $4,503,209.23." *Id.* at 19. It does not allege whether or when Goldman Sachs satisfied all the conditions precedent in the agreement between the parties. In other words, the FAC does not demonstrate whether Plaintiff "fully performed" under the terms of the contract. *See Careau*, 222 Cal. App. 3d at 1389 (finding that although an allegation in general terms satisfies plaintiff's pleading requirements with respect to performance, an affirmation that plaintiff "duly performed all the conditions on his part" was still necessary); *see also Richardson v. First Centennial Mortgage Corp.*, No. EDCV 17-1944-JVS (SPx), 2018 WL 4944994, at *5 (C.D. Cal. June 25, 2018) (finding plaintiff's conclusory statement that he complied with a contract

insufficient to allege performance).

As a result, the Court agrees with Defendant that the allegations in the FAC are too conclusory to state a claim for breach of contract at this stage. As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 545). The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of contract claim.

**B. Common Counts Claim**

To begin, Plaintiff states that he did not intend to assert an open book account claim, and informed Defendant's counsel that he would stipulate that the box at CC-1(a)(1) on Plaintiff's form FAC had been checked inadvertently. ECF 17 at 7. The Court therefore **STRIKES** Plaintiff's open book account claim.

As to Plaintiff's remaining common counts (for account stated and services rendered), Defendant argues that Plaintiff has failed to allege any facts concerning previous transactions between Goldman Sachs and Tedder establishing a debtor and creditor relationship; therefore, Plaintiff's common count claim should fail. *Id.* at 14.

A common count is not a specific cause of action but instead "a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness[.]" *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004) (citing *Zumbrun v. Univ. of S. Cal.*, 25 Cal.App.3d 1, 14-15 (1972)). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is [dismissible] if the cause of action is [dismissible]." *Id.* (citing *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 459-460 (1997); *Zumbrun*, 25 Cal.App.3d at 14; 4 Witkin, Cal. Procedure, Pleading, § 529, at 616-617).

Here, "[b]ecause Plaintiff's [common count] is premised on the same facts [as its breach of contract claim], Plaintiff's 'common count must stand or fall with [its first] cause of action.'" *Coast Surgery Ctr. v. United Healthcare Ins. Co.*, No. 8:22-cv-02200-FWS-DFM, 2024 WL 650174, at *12 (C.D. Cal. Jan. 5, 2024) (quoting *McBride*, 123 Cal. App. 4th at 395). As set forth above, Plaintiff's allegations are insufficient to support Plaintiff's breach of contract claim. Thus, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's common counts claim.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-CV-06989-MRA (MAA) | Date | January 22, 2025 |
| Title | Arden Silverman dba Capital Asset Protection v. Tedder Acquisition, LLC, et al. | | |

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave when justice so requires." *Id.* At base, "leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

Here, the Court finds that granting leave to amend would not be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

Plaintiff is **GRANTED LEAVE TO AMEND** the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations. Any amended complaint shall be filed within **21 days** of the date of this Order. Any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** with leave to amend. Plaintiff shall have 21 days from the issuance of this Order to file a Second Amended Complaint.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk gga